**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| TROY ALLEN, | No. 13-17215 |
| Plaintiff - Appellant, | D.C. No. 2:10-cv-03032-GEB-JFM |
| v. | |
| JAMES WALKER, Warden; et al., | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Eastern District of California
Garland E. Burrell, Jr., District Judge, Presiding

Submitted November 18, 2014[**]

Before:     LEAVY, FISHER, and N.R. SMITH, Circuit Judges.

California state prisoner Troy Allen appeals pro se from the district court's

summary judgment in his 42 U.S.C. § 1983 action alleging that defendants were

deliberately indifferent to his health and safety in connection with his exposure to

excessive heat in a transport van.  We have jurisdiction under 28 U.S.C. § 1291.

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  See Fed. R. App. P. 34(a)(2).

We review de novo, *Keenan v. Hall*, 83 F.3d 1083, 1088 (9th Cir. 1996), and we affirm.

The district court properly granted summary judgment because Allen failed to raise a genuine dispute of material fact as to whether defendants consciously disregarded a serious risk to Allen's health or safety. *See Farmer v. Brennan*, 511 U.S. 825, 845, 847 (1994) (a prison official acts with deliberate indifference if she or "he knows that inmates face a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it"); *Keenan*, 83 F.3d at 1091 (Eighth Amendment "guarantees adequate heating" but does not require a "comfortable" temperature); *see also Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249-50 (1986) (party opposing summary judgment may not rest on conclusory assertions, but must come forward with significant probative evidence).

The district court did not abuse its discretion in denying Allen's motion for appointment of counsel because Allen failed to demonstrate exceptional circumstances. *See Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991) (setting forth standard of review and explaining "exceptional circumstances" requirement).

We do not consider arguments and allegations raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009) (per curiam).

**AFFIRMED.**